# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **George Schultz, III,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-09-2537-PHX-SRB (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 4, 2009 (Doc. 1). On February 8, 2010 Respondents filed their Response (Doc. 10). Petitioner filed a Reply on March 19, 2010 (Doc. 14).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual and procedural background as follows:

> Schultz was charged by indictment in May 1999 with four counts of sexual conduct with a minor...four counts of sexual abuse, ...one count of possession of narcotic drugs, ...and one count of possession of drug paraphernalia...Schultz pled guilty to two amended counts of attempted sexual conduct with a minor...The remaining charges against Schultz were dismissed. A presentence report and a

- 1 -

> police release questionnaire both stated that the victim had been twelve years old at the time of the offense.
>
> At the sentencing hearing, the trial court sentenced Schultz to 8.5 years of imprisonment for the first count and suspended imposition of sentence for the second count, placing him on lifetime probation.
>
> In September 2007, the State filed a petition to revoke Schultz's probation...The court held a probation-violation hearing and determined that the State had proved by a preponderance of the evidence that Schultz had violated the terms of his probation for the second count of attempted sexual conduct with a minor.
>
> The court revoked Schultz's probation and imposed a ten year presumptive sentence for attempted sexual conduct with a minor and dangerous crime against children in the second degree, a class 3 felony.

(Exhibit A, Mem. Dec. at 2.)  (Exhibits to the Answer, Doc. 10, are referenced herein as "Exhibit ___.")[1]

## B. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed, through counsel, a direct appeal "presenting the sole issue of whether the court erred in imposing a presumptive ten year sentence due to a judicial finding of the victim's age." (*Id.* at 3.) In so doing, Petitioner explicitly relied upon the Sixth Amendment to the United States Constitution, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). (Exhibit B, Opening Brief at 6.)

The Arizona Court of Appeals denied the appeal, finding the sentence correct under state law and specifically rejecting Petitioner's Sixth Amendment argument because:

> We have already explained that Schultz's guilty plea necessarily invoked the applicable statutes and included the class of child victims aged twelve, thirteen, or fourteen. In addition, there was undisputed evidence in the record that the "victim was twelve, in support of the

---

[1] There was significant confusion about the offenses to which Petitioner pled guilty and of which he was convicted. The Plea Agreement, with interlineated corrections, appears to reference a single charge "Count 2, as amended; Attempted Sexual Conduct with a Minor, a Class 3 Felony." (Exhibit E at 1.) (*But see* Exhibit A, Mem. Dec. at 2-3 n. 2 (describing plea agreement as providing for a plea "to two counts of attempted sexual conduct with a minor").) The minute entry from the change of plea referenced "Count I Attempted Sexual Conduct with a Minor...a Class 3 Felony" and "Count II: Attempted Sexual Conduct with a Minor... a class 3 Felony." (Exhibit F, M.E. 9/8/00.) The matter was debated at the probation revocation hearing, and with defense counsel's consent the trial court took judicial notice that the conviction under which probation was being revoked was "Count II, attempted sexual conduct with a minor, a Class 3 felony." (Exhibit I, R.T. 8/23/07 at 3-6.)

> guilty plea. And significantly, Schultz did not receive an aggravated sentence, but rather a presumptive sentence. Although he disagrees regarding the sentencing statute relied on for this presumptive sentence, it is nonetheless correct and properly applied in this case. Schultz could have only received a sentence of 3.5 years under A.R.S. § 13-701(C)(2) if A.R.S. § 13-604.01 did not apply. Because A.R.S. § 13-604.01 applies, ten years is the proper, nonaggravated sentence.

(Exhibit A, Mem. Dec. at 9.)

Petitioner sought review by the Arizona Supreme Court, which was summarily denied on July 7, 2009. (Exhibit H, Order 7/7/09.)

## C.  PRESENT FEDERAL HABEAS PROCEEDINGS

**<u>Petition</u>** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 4, 2009 (Doc. 1.)  Petitioner's Petition asserts the following two grounds for relief:

> (1) Petitioner's Sixth Amendment rights were violated when a judge, rather than a jury, determined facts used to increase Petitioner's sentence; and
> (2) The state statute used to sentence Petitioner is unconstitutionally vague, in violation of the Fourteenth Amendment.

(Service Order, Doc. 4 at 2.)

**<u>Response</u>** - On February 8, 2010, Respondents filed their Response ("Answer") (Doc. 10).  Respondents argue that Petitioner's Ground One (*Blakely*) was in actuality a state law claim, and thus is not properly exhausted and thus procedurally defaulted, and is without merit. Respondents argue that Ground Two (Vagueness) was not properly exhausted and is procedurally defaulted.

**<u>Reply</u>** - On February 8, 2010 Petitioner filed a Reply (Doc. 10).  Petitioner argues he fairly presented his claims on direct appeal, and that his Ground One presents a federal law claim.

## III. APPLICATION OF LAW TO FACTS

### A. EXHAUSTION & PROCEDURAL DEFAULT

Respondents argue that Petitioner's claims are unexhausted, now procedurally

defaulted, and thus barred from habeas review.

### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

#### a. Proper Forum/Proceeding

Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

#### b. Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has

- 4 -

been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c.  Application to Petitioner's Claims

**Ground One: *Blakely*** - Respondents argue that Ground One is procedurally defaulted because the claim "is in essence a claim that the state courts' improperly interpreted and applied A.R.S. § 13-604.01" (the applicable sentencing statute). (Answer, Doc. 10 at 12.) In so doing, Respondents conflate the consideration of the merits Petitioner's claim with the issue of whether the claim was fairly presented.

Moreover, the Arizona Court of Appeals explicitly considered Petitioner's claim "that the presumptive sentence of ten years under Ariz. Rev. Stat. § 13-604.01 had been improperly aggravated under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely*, 542 U.S. 296, because Schultz did not admit the age of the victim and there was no jury finding as to her age." (Exhibit A, Mem. Dec. 7/22/08 at 8-9.) A state court's actual consideration of a claim satisfies exhaustion. *See Sandstrom v. Butterworth*, 738 F.2d 1200, 1206 (11th Cir.1984) ("[t]here is no better evidence of exhaustion than a state court's actual consideration of the relevant constitutional issue"); *see also Walton v. Caspari*, 916 F.2d 1352, 1356-57 (8th Cir.1990) (state court's *sua sponte* consideration of an issue satisfies exhaustion).

Respondents contention that Ground One was not fairly exhausted is wholly without merit.

**Ground Two: Vagueness** - In his Ground Two, Petitioner argues that Ariz. Rev. Stat. § 13-604.01 did not define "the offense of attempted sexual conduct with a victim under the age of twelve" it is vague and a violation of the Fourteenth Amendment. Petitioner argues that he raised his Fourteenth Amendment vagueness claim on direct appeal. However, Petitioner points to no specific portion of his briefs that raised this claim. (*See* Reply, Doc.

- 5 -

14 at 2-3.) Petitioner's Opening Brief and Reply Brief purported to present the single Sixth Amendment claim and addressed only the Sixth Amendment of the United States Constitution.  (Exhibit B, at 4 and  ii (Table of Citations); Exhibit D at 1 and ii (Table of Citations) .)  Nowhere in his briefs did he mention the Fourteenth Amendment or  reference any vagueness in the statutes.  Nor did the Arizona Court of Appeals address such a claim. (Exhibit A, Mem. Dec.)  Accordingly, the undersigned finds that Petitioner did not present his claims in Ground Two to the Arizona Court of Appeals.

Petitioner did argue in his Petition for Review to the Arizona Supreme Court that it was nonsensical that he be deemed convicted of a "dangerous crime against children" and that the same offense be designated "non-dangerous."  (Exhibit G, PFR at 11.)  He argued that he did not understand the terms of his probation.  (*Id.* at 27.)   He argued that the "[l]anguage of 13-1405 should be change as to not appear as two separate charges when consideration 13-604.01."  (*Id.* at 30.)    However, nowhere did Petitioner assert any vagueness in Ariz. Rev. Stat. § 13-604.01, nor any other statute, nor did he reference Due Process or the Fourteenth Amendment.

Even if Petitioner's expansive Petition for Review to the Arizona Supreme Court could somehow be read to assert his vagueness claim, his failure to present that claim to the Arizona Court of Appeals would prevent it from being a fair presentation.   "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review." *Id.* at 916.

> Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Id.* (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th

- 6 -

ed. 1998) (emphasis added).

**<u>Summary</u>** - Accordingly, the undersigned concludes that Petitioner's claim in Ground One was properly exhausted. The undersigned further concludes that Petitioner's claim in Ground Two was never fairly presented to the Arizona Court of Appeals (nor the Arizona Supreme Court), and thus his state remedies were not properly exhausted.

**2. <u>Procedural Default</u>**

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and thus they are procedurally defaulted. Respondents generally rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and the timeliness bar in Ariz. R. Crim. P. 32.4(a). (Answer, Doc. 14 at 7.)

**<u>Remedies by Direct Appeal</u>** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**<u>Remedies by Post-Conviction Relief</u>** - Petitioner can no longer seek review by a PCR Petition. Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."  Ariz.R.Crim.P. 32.2(a)(3).

1. Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[2]

Here, Petitioner's unexhausted claims do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character. Therefore, it appears that Petitioner's claims would be precluded by his failure to raise them in an earlier proceeding.

<u>Timeliness Bar</u> - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long

---

[2] Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*, 2008 WL 2651659 (App. 2008).

since passed.

<u>Exceptions</u> - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appear that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence.  Here, Petitioner challenges the legality of the sentence imposed by the state court, but does not argue he is simply being held beyond the sentence actually imposed.  Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Paragraph (f) (which has no application where the petitioner filed a timely notice of appeal or had no right to appeal)

- 9 -

does not apply because Petitioner does not contend that he was impeded in filing a timely notice of appeal. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last state proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

Summary - Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims.

**Summary re Procedural Default** - Petitioner failed to properly exhaust his state remedies on the federal claims in Ground Two, and is now procedurally barred from doing so. Accordingly, these claims are procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

**3. Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

"Cause" is the legitimate excuse for the default. *Thomas*, 945 F.2d at 1123. "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not assert any cause to excuse his failure to exhaust. The undersigned finds no basis for a finding of "cause."

### 4. Miscarriage of Justice

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). Petitioner makes no assertion of his actual innocence, and thus remains subject to the effect of his procedural defaults.

### 5. Summary re Exhaustion and Procedural Default

Petitioner failed to properly exhaust his state remedies on the claims in Ground Two. He would now be procedurally barred from doing so, and has therefore procedurally defaulted on these claims. He fails to show cause and prejudice or actual innocence to avoid the effect of that procedural default. Accordingly, his Ground Two must be dismissed with prejudice.

## B. GROUND ONE: *BLAKELY*

For his Ground One, Petitioner asserts his Sixth Amendment rights were violated when the judge, rather than a jury, determined the age of the victim and used that fact to increase Petitioner's sentence.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court interpreted the constitutional due-process and jury-trial guarantees to require that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court extended *Apprendi*, by holding that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303.

In the Count under which Petitioner was sentenced in 2007, Petitioner had pled guilty to "attempted sexual conduct with a minor, a dangerous crime against children in the second degree, a Class 3 felony." (Exhibit A, Mem. Dec. at 5.) (*See also* Exhibit F, M.E. 9/8/00 at 2.) The offense was committed on "05/04/99." (*Id.*)

According to the Arizona Court of Appeals, Petitioner was sentenced to the presumptive term of ten years under Ariz. Rev. Stat. § 13-604.01(I), as that statute existed at the time of his offense.[3] (Exhibit A, Mem. Dec. at 5.)

The Arizona statute on Dangerous Crimes Against Children, previously Ariz. Rev. Stat. § 13-604.01, defined in subsection (L) a "dangerous crime against children" as one "committed against a minor under fifteen years of age". That subsection denominated completed offenses as being in "the first degree," and preparatory offenses as being "in the second degree." As noted by the Arizona Court of Appeals, "attempt is established as a

---

[3] The Arizona Court of Appeals noted that the statue had since been amended. (Exhibit A, Mem. Dec. at 4, n.4.) It was subsequently renumbered as § 13-705 by Ariz. Sess. Laws 2008, Ch. 301, §§17, 29, eff. Jan. 1, 2009. All references hereinafter to Ariz. Rev. Stat. § 13-604.01 are to the version as amended in 1998. *See* Ariz. Sess. Laws 1998, Ch. 281, § 1.

1  preparatory offense under A.R.S. § 13-1001."

2  Section 13-604.01 generally established two tiers of offenses for the specified crime against minors under the age of 15: those where the victim was under twelve, and those where the victim was twelve, thirteen or fourteen years of age.[4] With regard to sexual conduct with a minor, it provided in subsection (C) for a presumptive twenty year sentence for a completed offense where the victim was "twelve, thirteen, or fourteen years of age."

> C. Except as otherwise provided in this section, a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against children in the first degree involving . . . sexual conduct with a minor who is twelve, thirteen or fourteen years of age . . .shall be sentenced to a presumptive term of imprisonment for twenty years.

Ariz. Rev. Stat. § 13-604.01(C).

In subsection (I), the statute provided for a reduced sentence for crimes defined under subsection (C) where the offense had not been completed. That subsection stated "that an adult 'who stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section is guilty of a class 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years.'" (Exhibit A, Mem. Dec. at 5, quoting Ariz. Rev. Stat. § 13-604.01(I).)

Thus, for Petitioner to be sentenced to ten years under § 13-604.01(I), the prosecution was required to establish that Petitioner had attempted to commit "sexual conduct with a

---

[4] The statute provided in subsection (A) for mandatory life imprisonment for completed sexual assault or sexual conduct with a minor where the victim was "twelve years of age or younger." In subsection (B) it provided for life imprisonment or a presumptive term of 20 years where the offense was merely attempted on a "minor who is under twelve years of age." In subsection (D) in provided for a presumptive sentence of 17 years for other specified dangerous crimes against children (e.g. aggravate assault, molestation, sexual exploitation, etc.) with no additional requirement on the age of the victim. In subsection (E) it generally provided a presumptive sentence of five years for sexual abuse. In subsections (F) and (H) it provided for increased punishment for recidivists. In subsection (G) it made sentences for completed offenses flat time. In subsection (I) it provided a presumptive term of ten years imprisonment for preparatory offenses under (C) and (D), and other adjustments for recidivists. In subsection (J) it referenced another statute for determinations of prior convictions. In subsection (K) it defined when sentences were to be concurrent or consecutive.

minor who is twelve, thirteen or fourteen years of age."

The plea contained no explicit indication of the age of the victim, and there is no indication that Petitioner has made an explicit admission of the age of the victim. However, "a plea of guilty admits the facts constituting the elements of the charge . . .[but] allegations not necessary to be proved for a conviction. . .are not admitted by a plea." *U.S. v. Cazares,* 121 F.3d 1241, 1246-1247 (9th Cir. 1997).

By admitting "a dangerous crime against children," Petitioner was plainly admitting that the victim was "under fifteen years age." He had also plainly admitted that he had attempted committing sexual conduct with her.

Thereafter, the only relevant determination for sentencing purposes was whether the victim was not only under the age of 15, but actually under 12 years of age, making Petitioner subject to the mandatory life sentence in subsection (A). If the victim was not under 12 years of age, then Petitioner would be subject to the reduced sentencing under subsection (C), with his sentence to be even further reduced under subsection (I) because it was an "attempted" offense.

Because Petitioner had admitted the dangerous crime against children, and thus the victim was under 15, but had not admitted that the victim was under 12, the only possible determination was that the victim was "twelve, thirteen or fourteen years of age."[5] Thus, the Arizona Court of Appeals properly concluded that Petitioner had "pled guilty to the victim being twelve, thirteen or fourteen." (Exhibit A, Mem. Dec. At 6.)[6]

---

[5] Petitioner's plea alone would not have been sufficient if, for example, the statute provided for life if the victim were under 12, ten years if 12 or 13, and five years if 14. Under such a statute, Petitioner's plea would have only authorized a sentence of five years because that would have been the highest sentence authorized by his admission that the victim was under 15. Here, of course, there was no such alternative. The choice was either the lower sentence for victims 12, 13, or 14, or the higher sentence (which would have required a more specific admission) for victims under 12.

[6] It is this dichotomy, between the presence of an admission to "under 15" and the absence of an admission to "under twelve" that is not explicit in the Arizona Court of Appeal's decision. The absence of such an explicit description may explain why Petitioner has continued to argue that his rights under *Blakely* were violated.

Petitioner complains that the state courts further concluded that the victim was 12. It is true that the Arizona Court of Appeals opined that there was evidence in the record to reflect that "the victim had been twelve years of age." (*Id.* at 6-7.) That judicial factual determination alone would not have been sufficient to meet the requirements of *Blakely* because Petitioner had not admitted those facts and a jury had not found them to be true.

But, that determination was not necessary to, nor did it defeat, the finding that Petitioner had admitted (by his guilty plea) all of the facts necessary to support the sentence imposed, *i.e.* that the victim was "twelve, thirteen or fourteen." Application of Ariz. Rev. Stat. § 13-604.01(I)'s presumptive sentence of ten years did not require more.

Accordingly, the Arizona Court of Appeals properly concluded that Petitioner had failed to establish a violation of his Sixth Amendment rights under *Blakely*. Therefore, Petitioner's Ground One is without merit and must be denied.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

 **Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein,  the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

To the extent that Petitioner's claims are rejected on the merits, under the reasoning set forth herein,  the constitutional claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition,  a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground Two (Vagueness) of the Petitioner's Petition for Writ of Habeas Corpus, filed December 4, 2009 (Doc. 1) be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Ground One (*Blakely*) of the Petitioner's Petition for Writ of Habeas Corpus, filed December 4, 2009 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: February 8, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-2537-001r RR 11 02 04 re HC.wpd